TOWN OF SPOONER, Respondent, vs. TOWN OF MINONG, Appellant.

*October 20 — November 7, 1899.*

*Towns: Division: Validity of ordinance of county board: Apportionment of debts: Liability of new town to old.*

1. Under the provisions of sec. 674, S. & B. Ann. Stats., if an ordinance of the county board dividing a town has not been vacated by a court of competent jurisdiction, its validity cannot be called in

question, after the expiration of two years from its date, on the ground either that it was not published as required by said sec. 674, or that the consent of the commissioners of public lands was not obtained as required by sec. 258e.

2. Under secs. 672, 960g, S. & B. Ann. Stats., when a new town was created from part of a town already existing and the indebtedness of the old town was apportioned, the two towns did not become joint debtors, but the old town remained legally liable for the whole debt, and the new town became liable to the old town for its share; and payment of the whole debt by the old town was not a condition precedent to the recovery of such share from the new town.

APPEAL from an order of the circuit court for Washburn county: A. J. VINJE, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Arnold & Arnold.*

For the respondent there was a brief by *Mead & Hoar*, and oral argument by *L. H. Mead.*

WINSLOW, J.    The complaint alleges that the board of supervisors of Washburn county by resolution created the town of *Minong*, September 12, 1893, detaching certain territory from the town of *Spooner* for that purpose, and in such ordinance declared that the portion of the then existing indebtedness of the town of *Spooner* which was chargeable to the detached territory was $691.67, which was thereby charged against the town of *Minong;* that said new town of *Minong* was duly organized by the election of town officers on the first Tuesday of April, 1894, and has ever since maintained its organization, electing town officers each year, and being represented upon the county board of Washburn county; that the town board of *Minong* levied a tax upon the town to pay said sum of $691.67 in December, 1894, and that said tax was duly collected and is in the treasury of said town; that demand has been made for the payment of said sum, but it has been refused; that the plaintiff, on the 15th of March, 1898, filed its claim for said sum with the

clerk of the defendant town, but the town board has failed to audit the same; and that this action is prosecuted by direction of the electors of the town of *Spooner* by virtue of a resolution passed at the annual town meeting held April 5, 1898.

. A general demurrer to this complaint was overruled, and we think properly. By sec. 670, S. & B. Ann. Stats., it was provided that county boards should have the power "to set off, organize, vacate, and change the boundaries of towns in their respective counties," and by sec. 672 of the same statute it was provided that "whenever the .county board shall form a new town from parts of a town or towns already organized, they shall by their ordinance of division determine what portion of the indebtedness then legally incurred by such old towns shall be chargeable to the respective portions so detached to form such new town; and such new town shall pay the proportion of such indebtedness so declared chargeable to such detached portions at such time as the same shall become payable; and for that purpose the town board of such new town shall levy a tax," etc. It has already been held by this court that these sections are valid. *La Pointe v. O'Malley*, 47 Wis. 332. By sec. 960*g*, S. & B. Ann. Stats., the sum apportioned is made payable directly to the original town.

But it is objected that the complaint does not show that the ordinance of the division was published as provided by sec. 674, S. & B. Ann. Stats. A complete answer to this contention is found in the last-named section, which provides that the validity of any such ordinance as the present may be tested by *certiorari* or other proper proceedings brought directly for that purpose by a proper officer or taxpayer of such new town within two years from the date of such ordinance, and that the same shall not be called in question in any other action or proceeding except in a case wherein such. ordinance shall have been vacated by a court of competent

Town of Spooner vs. Town of Minong.

jurisdiction.[1] It appears from the complaint that the two years limited by the statute have long since elapsed, and it does not appear that any court has vacated the ordinance of division; hence, upon the facts stated in the complaint, it is no longer the subject of attack. *Schriber v. Langlade*, 66 Wis. 616.

The complaint alleges that the indebtedness of the town of *Spooner* was owing to the state, and upon this statement another contention is made by the appellant. It is contended that, inasmuch as sec. 258e, S. & B. Ann. Stats., provided that the boundaries of any municipality which has obtained a loan from the trust funds of the state shall not be altered so as to cut off any territory without the consent of the commissioners of public lands, and on such terms as they prescribe, hence the ordinance of division in question was void, because no such consent is alleged. This objection is also answered by the provisions of sec. 674, above referred to. If such consent was not obtained, and if the ordinance was rendered invalid by reason thereof, still the question could only be raised in the manner provided in that section.

It is suggested that the two towns became joint debtors, and that the original town cannot recover of the new town until it has paid the entire debt. This is clearly untenable. The old town remained legally liable for the whole debt, on familiar principles, and could be sued alone therefor; and the new town became liable to *the old town* for its share of such debt by virtue of the statute.

It appearing by the complaint that the money has been already raised for the specific purpose of paying the same to the plaintiff, and is in the hands of the treasurer of the defendant town, and that the question of the validity of the ordinance is foreclosed, there would seem to be no doubt that the complaint states a good cause of action.

*By the Court.*— Order affirmed.

[1] This provision is now found in sec. 671, Stats. 1898.— REP.